UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | | |
|---|---|---|
| LINDA HUBIN | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Civil Action No. |
| | ) | 11-cv-2712 JWL/DJW |
| DIVERSIFIED COLLECTION SERVICES, INC. | ) ) ) | |
| Defendant, | ) ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

LINDA HUBIN (Plaintiff"), through the undersigned counsel, RAYMOND E. PROBST, JR., alleges the following against DIVERSIFIED COLLECTION SERVICES, INC., ("Defendant"):

## INTRODUCTION

1.      This is an action for actual and statutory damages brought by Plaintiff, Linda Hubin, an individual consumer, against Defendant, Diversified Collection Services, Inc., for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## JURISDICTION

2.      Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the Defendant transacts business here.

1

PARTIES

3.      Plaintiff, Linda Hubin, is a natural person with a permanent residence in Jetmore,

Hodgeman County, Kansas 67854.

4.      Upon information and belief the Defendant, Defendant, Diversified Collection

Services, Inc.,  is a corporation engaged in the business of collecting debt in this state and in

several other states, with its principal place of business located at 333 North Canyons Parkway,

Suite 100, Livermore, Alamenda County, California 94551. The principal purpose of Defendant

is the collection of debts in this state and several other states, and Defendant regularly attempts

to collect debts alleged to be due another.

5.      Defendant is engaged in the collection of debts from consumers using the mail

and telephone.  Defendant regularly attempts to collect consumer debts alleged to be due to

another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

FACTUAL ALLEGATIONS

6.      Upon information and belief, Defendant began placing collection calls to Plaintiff

on or before August 26, 2011.

7.      The debt Defendant is attempting to collect on is an alleged obligation of a

consumer to pay money arising out of a transaction in which the money, property, insurance or

services which are the subject of the transaction are primarily for personal, family, or household

purposes, whether or not such obligation has been reduced to judgment.

8.      Within one (1) year preceding the date of this Complaint, Defendant, in

connection with the collection of the alleged debt, stated to Plaintiff, "You have to pay this debt

today by 3pm or we will have to start taking your assets."

9.      Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, stated to Plaintiff, "We will take whatever assets you have to satisfy this debt."

10.     Defendant has no standing to commence seizure of asset proceedings on behalf of the creditor.

11.     Defendant is a debt collection company and as a debt collection company attempting to collection a private loan, Defendant can only refer the matter back to the creditor with a recommendation that the creditor attempt legal action that will result in seizure of assets.

12.     The representations made to Plaintiff by Defendant regarding seizure of assets were false.

13.     The natural consequences of Defendant's statements and actions was to unjustly condemn and vilify Plaintiff for his non-payment of the debt he allegedly owed.

14.     The natural consequences of Defendant's statements and actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

15.     The natural consequences of Defendant's statements and actions was to cause Plaintiff mental distress.

## CLAIM FOR RELIEF

16.     Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

17.     Defendants violated the FDCPA.  Defendants' violations include, but are not limited to, the following:

> (a) Defendant violated *§1692c(a)(1)* of the FDCPA by communicating with the Plaintiff before 8 o'clock antemeridian local time at the Plaintiff's location.

3

(b) Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt; and

(c) Defendant violated *§1692e* of the FDCPA by using a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt; and

(d) Defendant violated *§1692e(4)* of the FDCPA by giving the false representation or implication that nonpayment of the alleged debt will result in the seizure of any property of any person when such action is unlawful and the Defendant does not intend to take such action; and

(e) Defendant violated *§1692e(5)* of the FDCPA by threatening to take action that the Defendant does not intend to take and/or the Defendant cannot legally take; and

(f) Defendant violated *§1692e(10)* of the FDCPA by using false representation or deceptive means in connection with the collection the alleged debt; and

(g) Defendant violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt.

18.     Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

19.     As a result of the foregoing violations of the FDCPA, Defendant is liable to the Plaintiff, Linda Hubin, for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney fees.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant, Diversified Collection Services, Inc., for the following:

A.     Declaratory judgment that Defendant's conduct violated the FDCPA.

B.     Actual damages.

C.     Statutory damages pursuant to 15 U.S.C. § 1692k.

4

D.      Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k.

E.      Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

F.      For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, LINDA HUBIN, demands trial by jury in this action.

## DESIGNATION OF TRIAL LOCATION

Trial in the case will be held at the Kansas City Division.

This 29th day of December, 2011.

RESPECTFULLY SUBMITTED

THE PROBST LAW FIRM, P.A.

BY:      _____/s/ Raymond E. Probst, Jr._____
         Raymond E. Probst, Jr.
         KS Bar No. 20370
         Attorney for Plaintiff
         827 Armstrong Avenue
         Kansas City, KS  66101
         (913) 281-0699

Of Counsel to:
Alex Simanovsky & Associates, LLC
2300 Henderson Mill Road, Suite 300
Atlanta, Georgia 30345
(678) 781-1012
alex@fdcpalawyeronline.com